IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## STATE OF TENNESSEE v. CHARLES RAY ALLEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-1969    J. Randall Wyatt, Judge**

_____

**No. M2002-03144-CCA-R3-PC - Filed February 4, 2004**

_____

The Defendant, Charles Ray Allen, was convicted by a jury of first degree premeditated murder and attempted voluntary manslaughter. The Defendant subsequently filed for post-conviction relief alleging, among other things, ineffective assistance of counsel at trial. After an evidentiary hearing, the trial court denied relief, and the Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Michael Colavecchio, Nashville, Tennessee, for the appellant, Charles Ray Allen.

Paul G. Summers, Attorney General; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kimberly Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 15, 1998, the Defendant, Charles Ray Allen, shot and killed one person and shot and injured another person. The shootings occurred at lunchtime in a restaurant in Nashville. He was charged with first degree premeditated murder and attempted first degree premeditated murder. Following a jury trial, he was convicted of first degree premeditated murder and attempted voluntary manslaughter. His convictions were affirmed on appeal. See State v. Charles Ray Allen, No. M1999-00818-CCA-R3-CD, 2000 WL 1649507 (Tenn. Crim. App., Nashville, Nov. 3, 2000). The defendant subsequently filed a petition for post-conviction relief, which the trial court denied after an evidentiary hearing. This appeal followed.

In this appeal, the Defendant alleges that the trial court erred in failing to find that his trial lawyer was ineffective in the following respects: (a) his lawyer allowed him to testify that he was

incarcerated at the time of trial; (b) his lawyer did not seek a mental evaluation of him; (c) his lawyer did not attempt to suppress his statement to the police; (d) his lawyer allowed one of his witnesses to testify while wearing jail clothes; and (e) his lawyer failed to call two defense witnesses. We turn now to the proof adduced at the post-conviction hearing.

Mr. Larry Hoover, who represented the Defendant at his jury trial, testified that he made a strategic decision to notify the jury that the Defendant was, at that time, serving time in prison. Mr. Hoover stated,

> My reasoning for doing that, and it was one that I had given some thought to prior to trial. We were looking to not have him found guilty of First Degree Murder. We really wanted the Jury or were asking the Jury -- spent a lot of time talking to the Jury about lesser included offenses. My thinking was I didn't want the Jury thinking if they did convict him of something less than First Degree Murder that he was just going to get away with it, scot free. I wanted them to know that he had spen[t] some time in jail for this particular offense, and that he was not just going to get up and walk out of the courtroom if they found him not guilty or they found him guilty of something less than First Degree Murder.

With respect to having the Defendant examined by a mental health professional, Mr. Hoover stated that he did not see the need for one as there was no indication that the Defendant had any mental problems. As to the Defendant's statement to the police, Mr. Hoover explained that he did not think there were grounds to have it suppressed. Furthermore, there was information in the statement that was helpful to the defense case. As to one of the defense witnesses testifying while in jail clothes, he stated "if I did it all over again, I would have had her dressed in regular street clothes, but, at the time, we did not." Mr. Hoover explained that he did not call potential defense witness Trenell Copeland because, although he was present at the trial, he "wasn't necessarily in the right frame of mind to testify." Mr. Hoover explained that he did not know if Mr. Copeland "was intoxicated or high or both, but . . . it just looked like a real bad idea for me to have him testify." As to potential defense witness Kenneth Patton, Mr. Hoover explained that Mr. Patton failed to appear at the courthouse when expected, and the defense team's efforts to locate him were unsuccessful. Mr. Hoover also explained that, although he was hopeful of putting Mr. Patton on the stand, he "knew it was going to be a close call as far as admissibility was concerned." Mr. Hoover also stated that Mr. Patton "was a little bit of an iffy witness."

The Defendant also testified at the hearing. He stated that Mr. Hoover had never spoken with him about a mental evaluation. He also stated that he did not have any mental health issues that his lawyer needed to know about. No other witnesses testified on the Defendant's behalf.

The trial court found that most of Mr. Hoover's actions about which the Defendant complained were strategic choices. The court also found that Mr. Hoover "acted in a competent and thorough manner, and the [Defendant's] factual allegations do not support a claim for ineffective assistance of counsel."

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462; Hellard v. State, 629 S.W.2d 4, 8 (Tenn. 1982). The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard, 629 S.W.2d at 9, and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made. See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

We agree with the trial court that the Defendant has failed to meet his burden of proving either prong of his claim of ineffective assistance of counsel. The proof established that Mr. Hoover's performance did not fall below the required standard. Furthermore, the proof failed to demonstrate that the Defendant suffered any prejudice resulting from any of the alleged deficiencies. The Defendant's allegations being without merit, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE